Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| DRA. AMARILYS ABREU SANTANA<br><br>Peticionaria<br><br>Vs.<br><br>HON. VIVIAN I. NEPTUNE RIVERA, EN SU CAPACIDAD OFICIAL COMO DECANA, ESCUELA DE DERECHO UNIVERSIDAD DE PUERTO RICO<br><br>Recurrida | TA2026CE00392 | CERTIORARI procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2026CV02312<br><br>Sala: 907<br><br>MANDAMUS |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Cruz Hiraldo y la Jueza Prats Palerm.

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2026.

Comparece por derecho propio la parte peticionaria, la doctora Amarilys Abreu Santana, solicita la revisión de "la denegatoria constructiva de la Moción en Solicitud de Medida Provisional" que presentó el 27 de marzo de 206 ante el Tribunal de Primera Instancia, Sala Superior de San Juan. En el escrito la peticionaria solicitó al foro primario una orden a la parte recurrida, la licenciada Vivian I. Neptune Rivera, en su capacidad oficial como Decana de la Escuela de Derecho de la Universidad de Puerto Rico, "a preservar la elegibilidad de la Peticionaria para evaluación en el ciclo de admisiones 2026", entre otras cosas. La parte peticionaria acompañó al recurso una petición de auxilio de jurisdicción.

Por los fundamentos dispuestos en esa resolución, *denegamos* la moción en auxilio en jurisdicción promovida, y la expedición del recurso solicitado.

---

[1] Véase, OATA-2026-019

***-I-***

En el contexto de una petición de *mandamus*, la parte peticionaria solicitó una orden al foro recurrido dirigida a la parte recurrida. Conforme aseverado por la parte peticionaria, la petición de orden tenía el propósito de preserva su elegibilidad para el ciclo de admisiones de nuevos estudiantes a la Escuela de Derecho. El actual ciclo admisiones culmina hoy, 31 de marzo de 2026. La parte recurrida compareció mediante alegato escrito, presentó oposición a la expedición del *certiorari* solicitado y también a la paralización de los procedimientos promovida por la parte peticionaria. Por ello, disponemos del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

***-II-***

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### -*III*-

El estudio preciso del expediente nos mueve a no intervenir con las actuaciones del foro de primera instancia en el caso de título. A nuestro juicio, la actuaciones de foro recurrido son el producto del adecuado del ejercicio discrecional de las facultades que posee el Tribunal de Primera Instancia. Nada nos sugiere que, en el ejercicio de tales prerrogativas, el foro recurrido incurriera en error o en abuso de discreción.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones resolvemos no expedir el auto solicitado.

### -*IV*-

Por los fundamentos dispuestos en esa resolución, *denegamos* la moción en auxilio en jurisdicción promovida, y la expedición del recurso solicitado. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones